**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL PETITE,

    Petitioner,

v.	CASE NO: 8:14-cv-2146-T-30EAJ
    Crim. Case No: 8:11-cr-246-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CV Dkt. #1), filed August 29, 2014, and the Government's Response in Opposition (CV Dkt. #6), filed October 10, 2014. Upon review, the Court finds that Petitioner's claims are procedurally barred and he is not entitled to relief.

## BACKGROUND

On May 5, 2011, Petitioner Michael Petite ("Petite") was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (CR Dkt. #10). Petite pleaded guilty (CR Dkt. #20, #24, and #29).

Petite's Presentence Investigation Report reflected that his sentence was subject to enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), because he had at least three prior convictions for a violent felony offense, serious drug offense, or both (PSI ¶ 26). In particular, the reported listed Petite's prior convictions for

    (a) robbery in violation of Fla. Stat. § 812.13, a violent felony offense;

    (b) sale of cocaine in violation of Fla. Stat. § 893.13, a serious drug offense; and

    (c) fleeing and eluding in violation of Fla. Stat. § 316.1935(2), a violent felony offense.

(PSI ¶ 26). The report suggested that (1) under 18 U.S.C § 922(g) and 924(e), the minimum term of imprisonment was 15 years and the maximum term was life; and (2) the guideline imprisonment range was 188 months to 235 months (PSI ¶ 84—85). On October 18, 2011, the Court sentenced Petite to 188 months in prison followed by 4 years of supervised release (CR Dkt. #29 and #32).

Petite appealed his judgment and sentence, raising a single issue: "whether his prior conviction for intentional vehicular flight from an authorized law enforcement patrol car in violation of Fla. Stat. § 316.1935(2) is a violent felony for ACCA purposes." *U.S. v. Petite*, 703 F.3d 1290, 1291 (11th Cir. 2013). The Eleventh Circuit answered this question in the affirmative, denying Petite the relief he sought. *Id.* Petite proceeded to petition the Supreme Court for relief, which denied certiorari on October 7, 2013. *Petite v. U.S.*, 134 S. Ct. 182 (2013).

On August 29, 2014, Petite timely filed his § 2255 motion, alleging that his sentence, enhanced under ACCA, exceeds the authorized statutory maximum.

## **DISCUSSION**

In his motion, Petite asserts that his sentence was improperly enhanced under the ACCA because none of his prior convictions qualify as ACCA predicate offenses. Petite

relies on *Descamps v. U.S.*, 133 S.Ct. 2276 (2013), for the proposition that if a state statute "sweeps more broadly" than the generic crime defined by the ACCA, a conviction under the state statute cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. Petite asserts that his prior drug conviction under Florida Statute § 893.13 does not qualify because the statute criminalizes the *delivery* of a controlled substance, an act not contemplated by the ACCA's serious drug offense provision. Therefore, he posits, the Florida statute sweeps more broadly than the federal one.

Similarly, Petite contends that neither his robbery conviction under Fla. Stat. § 812.131, nor his fleeing and eluding conviction under Fla. Stat. § 316.1935(2), qualifies as an ACCA violent felony offense because "neither conviction involved weapons or violent conduct." Specifically, Petite asserts that he was convicted of robbery by sudden snatching, which does not require "force beyond that effort necessary to obtain possession of the money or property." Additionally, he maintains that his conviction for fleeing and eluding does not qualify because the offense "can never present a serious risk of physical injury."

*Petite has Procedurally Defaulted on his Claim*

Each of Petite's sub-claims is procedurally barred. With respect to Petite's assertion that his conviction for fleeing and eluding does not qualify as an ACCA predicate offense, "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also Stoufflet v. U.S.*, 757 F.3d 1236, 1242 (11th Cir. 2014) (finding that petitioner's claim was procedurally barred in motion to vacate because he had already

raised the same issue on direct appeal). Because, on direct appeal, the Eleventh Circuit determined that Petite's prior conviction for fleeing and eluding constitutes a violent felony offense for purposes of the ACCA, Petite cannot make this argument in the instant motion. *See U.S. v. Petite*, 703 F.3d at 1291.

Petite has also procedurally defaulted on his claim as it relates to his prior convictions for the sale of cocaine and for robbery. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge." *Black v. U.S.*, 373 F.3d 1140, 1142 (11th Cir. 2004). However, "[d]efendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence." *Hill v. U.S.*, 569 Fed. App'x 646, 648 (11th Cir. 2014).

"Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004). Under the second exception, a court may allow a defendant to raise a § 2255 claim notwithstanding his failure to show cause for procedural default if "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (quoting *Mills v. U.S.*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

Petite does not attempt to show cause, and his failure to previously raise these claims is not excused. Under the cause and prejudice exception, the petitioner must establish that "some objective factor external to the defense prevented [the petitioner] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the petitioner's] own conduct." *Lynn*, 365 F.3d at 1235. Moreover, "the question is not whether

legal developments . . . [have] made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Id.* At the time of his direct appeal, Petitioner could have argued that his prior convictions did not qualify as ACCA predicate offenses. The cause and prejudice exception is thus inapplicable.

Turning to the actual innocence exception, it applies to "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). Petite makes no claim of factual innocence – he does not deny that he was previously convicted of robbery or the sale of cocaine. Rather, Petite contends that these prior convictions are not legally sufficient to qualify as predicate convictions for purposes of the ACCA. Because the basis of Petitioner's claim is legal insufficiency, the actual innocence exception does not apply. Petite's claim is barred.

*Petite's Claim is Without Merit*

Even if Petite's claim were not procedurally barred, it would fail on the merits. By way of explanation to Petite, the Court will discuss these claims. Eleventh Circuit precedent clearly forecloses Petite's entitlement to relief on the basis of his allegations. Petitioner opines that his conviction under Fla. Stat. § 893.13 does not qualify as a "serious drug offense" under the ACCA because the Florida statute criminalizes an act – the delivery of cocaine – that the federal offense does not. Petitioner is mistaken. The fact that the ACCA does not specifically use the term "deliver" is irrelevant because it criminalizes the *distribution* of a controlled substance, a term which necessarily encompasses its delivery. *U.S. v. Johnson*, 515 Fed. App'x 844, 847 (11th Cir. 2013) (holding that defendant's

conviction for sale or delivery of a controlled substance qualifies as a serious drug offense under the ACCA).

The Eleventh Circuit has similarly held, including in ruling on Petite's direct appeal, that a conviction under Fla. Stat. § 316.1935(2) for fleeing and alluding qualifies as a violent felony offense under the ACCA. *See U.S. v. Petite*, 703 F.3d at 1291; *see also U.S. v. Smith*, 742 F.3d 949, 955 (11th Cir. 2014) ("[A] prior conviction for fleeing and eluding a law enforcement officer, Fla. Stat. § 316.1935(2), qualifies as a violent felony."). Finally, robbery under Fla. Stat. § 812.13, even in the context of robbery by sudden snatching, constitutes a violent felony for purposes the ACCA. *U.S. v. Welch*, 683 F.3d 1304, 1313—14 (11th Cir. 2012).

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is dismissed with prejudice as procedurally barred.

2. The Clerk is to enter judgment of dismissal with prejudice for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #55, in the underlying criminal case, case number 8:11-cr-246-T-30EAJ.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED in Chambers at Tampa, Florida on this 26th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2146 deny 2255.docx